UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W. PAUL MAYHUE,           )
      Plaintiff,        )
                        )  No. 1:12-cv-398
-v-                       )
                        )  HONORABLE PAUL L. MALONEY
CHERRY STREET SERVICES, INC., )
      Defendant.        )
_____)

**OPINION AND ORDER**
**OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER**

Unsatisfied with Defendant Cherry Street Services's responses to his discovery requests, Plaintiff W. Paul Mayhue filed a motion asking this court to compel further responses and to extend the discovery period. (ECF No. 32.) After hearing argument on the issues, Magistrate Judge Scoville denied the motion, finding first that Mr. Mayhue failed to comply with Local Rule 7.1(d)'s conferral requirement; second that Cherry Street's responses were adequate; and third that Mayhue provided no good cause for extending the discovery period. (ECF No. 40.) Mr. Mayhue objects and asks this court to review the magistrate judge's order pursuant to Fed. R. Civ. P. 72(a). (ECF No. 41.)

Under Rule 72(a), a district court must review a magistrate judge's order on a nondispositive matter where a party files timely objections. The magistrate judge's factual determinations on such matters are entitled to some deference, but the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The court will address each of Mr. Mayhue's objections in turn.

**A.    Interrogatory No. 1**

Mayhue's first interrogatory asked Defendant to identify any documents it relied on in

answering the interrogatories. Defendant's initial response said only that it would produce the documents "at a time and place convenient to counsel." In briefing, Defendant confirmed that documents produced since that time, Bates-numbered CSHS 0001–83, are responsive to this interrogatory. Regardless of whether Defendant's initial response was sufficient, it now appears to have given a complete answer to this interrogatory.

B.   **Interrogatory No. 2**

Mayhue's second interrogatory asked Defendant to identify any persons who helped in answering the interrogatories. Defendant admits that its initial response, "Yes," was incomplete, due to an oversight. It has since remedied this error in amended responses. The court therefore finds no grounds for further relief.

C.   **Interrogatory No. 7**

In his seventh interrogatory, Mayhue asks Defendant to "Identify each and every document within your possession or control, including those which you have turned over to your attorney[,] that relates to this case." Defendant objected to the request as overbroad and implicating its attorney-client privilege and the work-product doctrine. It stands by that objection, but notes that it has since produced all responsive documents that do not fall into one of the latter two protected categories. Mayhue provides the court no reason to believe that Defendant's responsive production has been incomplete in any way. It is clear that Mayhue's request potentially implicates privileged material—emails to counsel regarding the case arguably fall within its bounds, for instance—and Defendant's objection on this ground is not evidence that its production was incomplete.

D.   **Interrogatory No. 8**

Mayhue's eighth interrogatory asks for certain information about each person Defendant has

2

hired between January 1, 2010 and March 1, 2011. Defendant undisputedly answered this interrogatory, though objecting to it as overbroad and limiting it to "individuals . . . hired for positions to which Plaintiff could have elected to apply." Mayhue maintains that this response was incomplete, but he fails to argue why the omitted material would be relevant to his suit.

### E. Interrogatory No. 9

Mayhue's ninth interrogatory asks for certain information about each of Defendant's "cabinet members" between January 1, 2010 and March 1, 2011. Again, Defendant undisputedly answered this interrogatory, and again, Mayhue argues that the answer is incomplete without discussing exactly why. The court sees no problem with Defendant's response, which identified each member of the cabinet during the relevant time frame and indicated that each could be reached through Defendant's counsel.

### F. Request for Production 1

Here, Mayhue asks for "all electronic communications between all members of the cabinet from 1/1/2010 through 12/31/2011 pertaining to reductions in staff." Defendant objected on several grounds, but stated that it would "produce responsive documents in its possession, custody, or control." Mr. Mayhue does not argue that Defendant failed to produce any responsive documents. Instead, he appears to object only that Defendant produced the documents without identifying which request they were responsive to. But Mayhue cites no authority that would require such action, and by its terms, this request would not appear to do so. Indeed, Mayhue's counsel appears to acknowledge as much with his first interrogatory, which specifically asks Defendant to identify a certain class of documents. Mayhue thus provides no basis for relief here.

### G. Request for Production 2

This request asks Defendant to produce "all electronic communications from and between any staff from 1/1/2010 through 3/1/2011 pertaining to Paul Mayhue." Defendant objected to this request as overbroad and refused to produce documents in response to it. This reaction was entirely proper; Mayhue's request is significantly overbroad, not being limited to communications relating to Mr. Mayhue's termination or even to his employment. As written, the request appears calculated only to increase Defendant's defense costs.

### H. Request for Production 3

Mayhue's third request asks for "defendant's budgets for the years 2009, 2010, and 2011." Defendant initially objected and refused to produce the budgets, but agreed in briefing to produce them "subject to entry of a suitable protective order in this litigation." This appears to resolve Mayhue's objection, at least for the present.

### I. Request for Production 5

Finally, Mayhue asks for production of "[e]ach document or record that supports any of your answers to the interrogatories." Defendant objected, but agreed to produce all responsive documents. Mayhue's objection seems to be that Defendant did not identify which requests the produced documents were responsive to. But as the court discussed above, this is not part of Mayhue's request, and he cites no authority requiring such information as part of a party's production. This ground provides no basis for relief.

### J. Extension of Discovery

Mayhue argues that the discovery problems listed above have prevented him from taking effective depositions and serving further discovery requests on Defendant. He asks the court to

4

extend discovery to account for these troubles. But as the magistrate judge held, the parties have had more than enough time to pursue discovery, given that Defendant's responses to Mayhue's requests were not improper. Mayhue's objections do not convince the court that Magistrate Judge Scoville's conclusion was clearly erroneous. It therefore stands.

## **ORDER**

For the reasons discussed above, the court hereby **OVERRULES** Plaintiff's objections to the magistrate judge's order of May 21, 2013. (ECF No. 40.)

**IT IS SO ORDERED.**


Date:  June 6, 2013   /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge